HARTFORD RESTORATION SERVICES, INC. *v.*
THOMAS D. BUCCINO
(AC 24273)

Bishop, West and DiPentima, Js.

Submitted on briefs September 16—officially released October 26, 2004

*Francis A. Miniter* filed a brief for the appellant (defendant).

*Salvatore J. Petrella* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Thomas D. Buccino, appeals from the judgment, rendered after a trial to the court, in favor of the plaintiff, Hartford Restoration Services, Inc. On appeal, the defendant claims that the trial court improperly (1) concluded that the Home Improvement Act, General Statutes § 20-418 et seq., was inapplicable, (2) found that the parties had entered into a written contract for masonry services, (3) found that the plaintiff had performed the services required under the contract, (4) found that the plaintiff's services had

been performed in a workmanlike manner and (5) discounted the defendant's testimony as to the quality of the services performed. We affirm the judgment of the trial court.

In its complaint, the plaintiff alleged that it had entered into a written agreement with the defendant to perform masonry services at 156A River Road in Willington, that it had performed the services and that the defendant had not paid for those services. The defendant alleged in three special defenses that the plaintiff's recovery was barred by the Home Improvement Act, that the contract was not signed by the owners of the real property and that the work was not performed properly. The defendant also alleged in a counterclaim that the plaintiff had failed to complete the work under the contract and that the services provided were done in a negligent manner.

In its memorandum of decision, the court noted that the complaint, special defenses and counterclaim involved questions of law and fact and that many of the court's factual findings hinged on the credibility of the witnesses. The court found that the Home Improvement Act was inapplicable because the contract called for the plaintiff to perform services on the main portion of a three building complex, which was commercial in nature. The plaintiff performed no services on that portion of the complex where the defendant lived. The court also found that the contract was the result of years of negotiation and that it had not been signed after work on the premises had commenced as the defendant argued at trial. As to the second special defense, the court found that the defendant had power of attorney for the co-owner of the premises at the time he entered into the contract with the plaintiff. The court also found that the services were performed according to the contract. As to the evidence the defendant presented with respect to the quality of the services per-

formed by the plaintiff, the court found that it was of little credence because the report, in the form of a quote to repair the premises, was written two years after the plaintiff's services were performed and involved services that the plaintiff was not required to perform under the contract. There was evidence that the premises would have deteriorated substantially between the time the plaintiff's services were performed and the report was written. Furthermore, the defendant failed to bring the author of the report to court to testify and to be subject to cross-examination.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Citation omitted.) *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980). When reviewing the factual basis of a trial court's decision, our role "is to determine whether [those] facts . . . are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, [they] are clearly erroneous. . . . On appeal, [our] function . . . is limited solely to the determination of whether the decision of the trial court is clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . [W]e do not retry the facts or pass on the credibility of witnesses." (Citations omitted; internal quotation marks omitted.) *Wren* v. *MacPherson Interiors, Inc.*, 69 Conn. App. 349, 353–54, 794 A.2d 1043 (2002). On the basis of our review of the briefs

and record, we conclude that the court's decision was not clearly erroneous.

The judgment is affirmed.